UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL UNION OF ) | | CASE NO. 1:12CV2797 |
| OPERATING ENGINEERS, LOCAL 18, ) | | |
| Plaintiff, ) | | JUDGE CHRISTOPHER A. BOYKO |
| ) | | |
| vs. ) | | OPINION AND ORDER |
| ) | | |
| LABORERS' INTERNATIONAL ) | | |
| UNION OF NORTH AMERICA, et al., ) | | |
| Defendants. ) | | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #9) of Defendants, Laborers' District Council of Ohio, Laborers' Local 265, Laborers' Local 310, Laborers' Local 423, Laborers' Local 500, Laborers' Local 530, Laborers' Local 639, Laborers' Local 860, Laborers' Local 894 and Laborers' Local 1015 ("Ohio Laborers"), to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed.R.Civ.P. 12(b)(1) and for Failure to State a Claim Pursuant to Fed.R.Civ.P. 12(b)(6) and alternatively Motion to Stay; and upon the Motion (ECF DKT #20) of Defendant, Laborers' International Union of North America ("LIUNA"), to Dismiss for Failure to State a Claim Pursuant to Fed.R.Civ.P. 12(b)(6), for Lack of Subject Matter Jurisdiction Pursuant to Fed.R.Civ.P. 12(b)(1) and alternatively

Motion to Stay.  For the following reasons, the Court grants both Motions, in part, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief may be granted; and, further, declines to enter a stay of proceedings.

## I. BACKGROUND

Plaintiff, International Union of Operating Engineers, Local 18 ("Local 18"), filed this Complaint on November 8, 2012, pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, claiming breach of an agreement between labor organizations.  Local 18 represents the interests of equipment operators, referred to as "operating engineers," working in the State of Ohio.  Defendants are the Ohio Laborers' International, District Council, and nine locals.  Local 18 alleges that Defendants breached a February 3, 1954 Memorandum of Understanding, executed by the International Hod Carriers' Building and Common Laborers' Union of America and the International Union of Operating Engineers; and describes, in its Complaint, at least seventeen 2012 projects throughout Ohio, at which laborers allegedly performed work that is designated in the Memorandum as operating engineers' work.  In its opening, the Memorandum of Understanding recites:

> The International Union of Operating Engineers and the International Hod Carriers' Building and Common Laborers' Union of America, being desirous of arriving at a clarification regarding disputes that have arisen in the construction industry between the members of both Organizations and cognizant of the fact of the development of machinery and equipment in connection with work in which both Organizations are involved, hereby make the following clarifications ...

The Memorandum then sets out three numbered provisions, clarifying work to be performed by operating engineers and work to be performed by laborers, involving forklifts, drilling

-2-

operations, and conveyors.

Local 18 claims it is intended to benefit from, and be bound by, the 1954 Agreement, which clarifies division of work between the crafts. Local 18 also alleges that the 1954 Memorandum has not been repudiated and remains in full force and effect. Defendants, International, District Council, and local affiliates, allegedly condoned, assigned, and permitted work to be performed by laborers in disregard of the terms of the Agreement, directly and proximately causing injury to Local 18. Local 18 seeks compensatory damages and punitive damages. The punitive damages claim is based upon the allegation that, "given the nature and purposes of labor organization (sic), one union willfully and purposely agreeing with employers to perform work of another union in flagrant violation of written agreements between the international unions not to engage in such activity, constitutes extreme and outrageous conduct contravening the remedial purposes of national labor policy." (Complaint - Prayer for Relief, ECF DKT #1).

Defendants, Ohio Laborers and LIUNA, have moved for dismissal under Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6), or alternatively, for a stay pending resolution of all current National Labor Relations Board ("NLRB") proceedings concerning Ohio Laborers and Local 18. All briefing has been completed and the issues are properly joined.

## II. LAW AND ANALYSIS

**Standard of Review**

**Subject Matter Jurisdiction**

Fed. R. Civ. P. 12(b)(1) states in pertinent part:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive

> pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter....

When challenged on a motion to dismiss, it is plaintiff's burden to prove the existence of subject matter jurisdiction.  *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir.1986).  Such challenges are brought by two different methods: (1) facial attacks and (2) factual attacks.  *See, e.g., United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994).

"A *facial* attack is a challenge to the sufficiency of the pleading itself.  On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party."  *Walters v. Leavitt*, 376 F.Supp.2d 746, 752 (E.D. Mich. 2005), *citing Scheuer v. Rhodes,* 416 U.S. 232, 235-37 (1974).  "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction.  On such a motion, no presumptive truthfulness applies to the factual allegations, .... and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Walters* at 752.

In the within matter, Defendants argue that this Court lacks subject matter jurisdiction to hear and decide this dispute, because Local 18's claims are preempted by *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236 (1959) and its progeny.  The *Garmon* preemption "protects the primary jurisdiction of the NLRB to determine in the first instance what kind of conduct is either prohibited or protected by the NLRA."  *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 748 (1985).  Thus, "federal courts must defer to the ***exclusive*** competence of the National Labor Relations Board if the danger of state interference with

national policy is to be averted." *Alongi v. Ford Motor Co.*, 386 F.3d 716, 723 (6th Cir. 2004) (citing *Garmon*, 359 U.S. at 245) (emphasis added).

In some instances, federal courts and the NLRB possess concurrent jurisdiction, that is, where the courts' jurisdiction is invoked under Section 301 of the LMRA. *Carey v. Westinghouse Electric Corp.*, 375 U.S. 261 (1964).

Since the *Carey* decision, the Sixth Circuit has required an analysis of disputes, to determine if they implicate the exclusive initial jurisdiction of the NLRB pursuant to *Garmon*, or if they implicate the concurrent jurisdiction contemplated under Section 301.

Thus, upon an analysis of Local 18's Complaint, this Court finds that the alleged breach of the 1954 Memorandum does not require the Court to defer, under *Garmon*, to the "exclusive competence" of the NLRB.  Rather, the dispute between Local 18 and Defendants, Ohio Laborers and LIUNA, is principally a matter of contract interpretation; which, though it may potentially implicate representational issues, rightfully rests within the Court's Section 301 authority. *International Brotherhood of Electrical Workers, Local 71 v. Trafftech, Inc.*, 461 F.3d 690, 695 (6th Cir. 2006).

Defendants also contend that subject matter jurisdiction is lacking, despite Local 18's assertion that a Section 301 contract exists.  Labor Management Relations Act § 301(a), 29 U.S.C. 185(a) provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

The Sixth Circuit has concluded that the existence of a union contract is an ***element*** of a Section 301 plaintiff's claim, and ***not a restriction*** on federal subject matter jurisdiction. *Daft v. Advest, Inc.*, 658 F.3d 583, 591 (6th Cir. 2011); *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000 (6th Cir. 2009).

> Nothing in Section 301(a) indicates that Congress meant to attach subject-matter jurisdiction consequences to the failure to state a cognizable Section 301 claim, and still less does anything in the statute do so "clearly." *Winnett*, 553 F.3d at 1006.

Therefore, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1) and the doctrine of preemption, is denied.

**Failure to State a Claim**

Fed. R. Civ. P. 12(b)(6) states:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted...

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter,

-6-

> accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No.1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

The Court may also "disregard allegations contradicted by facts established by exhibits and attached to the pleading." *Ford v. New Century Mortgage Corporation*, 797 F.Supp. 2d 862, 868 (N.D.Ohio 2011); *Girgis v. Countrywide Home Loans, Inc.*, 733 F.Supp.2d 835, 843 (N.D.Ohio 2010) (quoting *HMS Property Mgmt. Group Inc. v. Miller*, 69 F.3d 537 (Table) (6th Cir. Oct. 31, 1995).

Applying *Twombly* and *Iqbal*, giving due consideration to the allegations of the Complaint for breach of contract between labor organizations and the language of the attached exhibit, and construing the Complaint in a light most favorable to the non-moving party, the Court finds that Plaintiff Local 18 has failed to state a plausible claim for relief. To survive dismissal, the Complaint "must contain either direct or inferential allegations with

respect to all material elements necessary to sustain a recovery under some viable legal theory." *Mezibov v. Allen* 411 F.3d 712, 716 (6th Cir. 2005).

"Under Ohio law, the elements for breach of contract are: (1) the existence of a valid contract: (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff." *MMK Group, LLC v. SheShells Co., LLC*, 591 F.Supp.2d 944, 963 (N.D.Ohio 2008).  To show that a valid, enforceable contract exists, the plaintiff must demonstrate "all the essential elements of a contract, including an offer, acceptance, the manifestation of mutual assent, and 'consideration (the bargained for legal benefit and/or detriment).'" *Collier v. Ocwen Loan Servicing, LLC*, Case No. 5:12CV2937, 2013 WL 3715699, at *8 (N.D.Ohio July15, 2013) (citing *Kostelnik v. Helper*, 96 Ohio St.3d 1, 3 (1991)).  "A plaintiff must also show that there was a 'meeting of the minds' and that the contract was definite as to its essential terms." *Collier, supra.*, citing *Episcopal Ret. Homes, Inc. v. Ohio Dep't of Indus. Relations*, 61 Ohio St.3d 366, 369 (1991).  "A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract." *Resource Title Agency, Inc. v. Morreale Real Estate Services, Inc*., 314 F.Supp.2d 763, 769 (N.D.Ohio 2004).

In the matter before the Court, Local 18 alleges that the conduct of Defendants Ohio Laborers and LIUNA, in "condoning, assigning, and permitting work to be performed by laborers in flagrant disregard of the mandates of the 1954 Agreement that the work was to be performed by operating engineers, constituted intentional breaches of the 1954 Agreement between these labor organizations." (Complaint, ECF DKT #1, ¶ 45).  Further, "[t]he aforementioned breaches of the 1954 Agreement directly and proximately caused injury to

Plaintiff Local 18, as an intended third-party beneficiary of the 1954 Agreement." *Id*. at ¶ 46.

At the outset, the Court must highlight the introduction of the 1954 Memorandum of Understanding, which recites that the two signatory organizations, "being desirous of arriving at a clarification regarding disputes that have arisen in the construction industry ... hereby make the following clarifications." This language suggests the absence of clarity, despite a previous accord between these organizations; so, if there is a contract, it must, logically, have been executed at a time prior to the 1954 Memorandum at issue.

The 1954 Memorandum is executed by two international labor organizations, and nowhere in its mere two pages of text does it indicate it is binding upon local unions, district councils, employers, or project owners.

The 1954 Memorandum is lacking a choice of law provision, a venue clause, a merger provision, a modification clause and a dispute resolution mechanism  —   all traditional contract terms.

There is no stated contract period.  The Court can discern no plausible meeting of the minds regarding work assignments, such as would bind the signatories for any set time frame.

The critical element of mutual consideration is also absent.  Local 18 asks the Court to read mutual promises into the 1954 Memorandum; that is, the signatories bound themselves to perform certain work, but to forego other types of work.  Although allegations must be read generously, and inferences reasonably made under Fed.R.Civ.P. 12(b)(6), the Court is not permitted to add language or wording to a document attached and incorporated into the Complaint as an exhibit.

In sum, Local 18 has not shown the essential elements of a valid, enforceable contract.

Likewise, Local 18 has failed to demonstrate a meeting of the minds as to essential contract terms.  The 1954 Memorandum is far from definite, particularly as to the contract time frame and the parties to be bound by it.  Local 18's Complaint for Breach of Contract does not state a plausible claim for relief, and is, therefore, dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #9) of Defendants, Laborers' District Council of Ohio, Laborers' Local 265, Laborers' Local 310, Laborers' Local 423, Laborers' Local 500, Laborers' Local 530, Laborers' Local 639, Laborers' Local 860, Laborers' Local 894 and Laborers' Local 1015 ("Ohio Laborers"), to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed.R.Civ.P. 12(b)(1) and for Failure to State a Claim Pursuant to Fed.R.Civ.P. 12(b)(6) and alternatively Motion to Stay, and the Motion (ECF DKT #20) of Defendant, Laborers' International Union of North America ("LIUNA"), to Dismiss for Failure to State a Claim Pursuant to Fed.R.Civ.P. 12(b)(6), for Lack of Subject Matter Jurisdiction Pursuant to Fed.R.Civ.P. 12(b)(1) and alternatively Motion to Stay, are granted, in part, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief may be granted; and the Court further declines to enter a stay of proceedings.

**IT IS SO ORDERED.**

                                              s/ Christopher A. Boyko
                                              **CHRISTOPHER A. BOYKO**
                                              **United States District Judge**
**Dated:  September 26, 2013**