UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL UNION OF ) | CASE NO. 1:12CV2797 |
| OPERATING ENGINEERS, LOCAL 18 ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| LABORERS' INTERNATIONAL ) | |
| UNION OF NORTH AMERICA, et al., ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Defendants' Motion (ECF DKT #86) to Amend Their Answer. For the following reasons, the Motion is granted.

### I. FACTUAL BACKGROUND

Plaintiff, International Union of Operating Engineers, Local 18 ("Local 18"), filed this Complaint on November 8, 2012, pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, claiming breach of an agreement between labor organizations. Local 18 represents the interests of equipment operators, referred to as "operating engineers," working in the State of Ohio. Defendants are the Ohio Laborers' International, District Council, and nine locals. Local 18 alleges that Defendants breached a

February 3, 1954 Memorandum of Understanding, executed by the International Hod Carriers' Building and Common Laborers' Union of America and the International Union of Operating Engineers; and describes, in its Complaint, at least seventeen 2012 projects throughout Ohio, at which laborers allegedly performed work that is designated in the Memorandum as operating engineers' work.  In its opening, the Memorandum of Understanding recites:

> The International Union of Operating Engineers and the International Hod Carriers' Building and Common Laborers' Union of America, being desirous of arriving at a clarification regarding disputes that have arisen in the construction industry between the members of both Organizations and cognizant of the fact of the development of machinery and equipment in connection with work in which both Organizations are involved, hereby make the following clarifications ...

The Memorandum then sets out three numbered provisions, clarifying work to be performed by operating engineers and work to be performed by laborers, involving forklifts, drilling operations, and conveyors.

Local 18 claims it is intended to benefit from, and be bound by, the 1954 Agreement, which clarifies division of work between the crafts.  Local 18 also alleges that the 1954 Memorandum has not been repudiated and remains in full force and effect.  Defendants, International, District Council, and local affiliates, allegedly condoned, assigned, and permitted work to be performed by laborers in disregard of the terms of the Agreement, directly and proximately causing injury to Local 18.  Local 18 seeks compensatory damages and punitive damages.  The punitive damages claim is based upon the allegation that, "given the nature and purposes of labor organization (sic), one union willfully and purposely agreeing with employers to perform work of another union in flagrant violation of written

agreements between the international unions not to engage in such activity, constitutes extreme and outrageous conduct contravening the remedial purposes of national labor policy." (Complaint - Prayer for Relief, ECF DKT #1).

A First Amended Complaint was filed on November 5, 2014; and Defendants filed their Answer and Counterclaim on November 19, 2014.

Defendants now move the Court for leave to amend their Answer to permit them to assert the defense of statute of limitations. Plaintiff objects, primarily arguing that the request is untimely and that Plaintiff will be unduly prejudiced.

## **II. LAW AND ANALYSIS**

Fed.R.Civ.P. 15(a)(2) reads in part, "The court should freely give leave [to amend] when justice so requires." However, this liberal amendment policy is not without limits. The Sixth Circuit has observed, "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir.2010) (citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995)).

Plaintiff does not assert that Defendants brought their Motion in bad faith or after repeated failures to cure pleading deficiencies; so, the Court need not discuss those factors.

Plaintiff does argue that there was no notice of Defendants' desire to assert the defense of statute of limitations. The Court agrees that no formal notice was provided prior to the instant Motion and the Motion for Summary Judgment  The Court notes, however, that Defendants reserved the right in their Answer to the Amended Complaint (ECF DKT #39) to raise defenses as warranted. Moreover, the Court asked the parties to be prepared to discuss

the laches defense at a status conference conducted on July 31, 2015. At that time, there was a general discussion of laches, limitations and waiver, all prompted by the Court's inquiry.

Plaintiff further argues that Defendants' request is untimely. However, delay, by itself, "does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 800 (6th Cir.2002). Admittedly, this case has been pending for three years. However, a good deal of time was spent litigating in the Sixth Circuit Court of Appeals on a very different issue — whether the Memorandum of Understanding constitutes a binding contract. Fact discovery is continuing and the discovery cut-off is March 31, 2016. In addition, the parties, within the last week, entered into a stipulated protective order regarding discovery sought from third parties. Dispositive motions have been filed and Defendants' proposed amendment may well require new or supplemental briefing; but the Sixth Circuit has noted that "another round of motion practice ... does not rise to the level of prejudice that would warrant denial of leave to amend." *Morse*, 290 F.3d at 801.

### III. CONCLUSION

In the interest of justice, and upon due consideration of the parties' arguments and the factors required under Fed.R.Civ.P. 15(a)(2), the Court grants Defendants' Motion (ECF DKT #86) for Leave to Amend Their Answer.

**IT IS SO ORDERED.**

                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated: February 16, 2016**