UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **INTERNATIONAL UNION OF** | ) | CASE NO. 1:12CV2797 |
| **OPERATING ENGINEERS, LOCAL 18,** | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **LABORERS' INTERNATIONAL** | ) | |
| **UNION OF NORTH AMERICA, et al.,** | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Plaintiff's Motion (ECF DKT #96) to Deny, or in the Alternative, Continue Summary Judgment. For the following reasons, the Motion is granted.

**I. FACTUAL BACKGROUND**

Plaintiff, International Union of Operating Engineers, Local 18 ("Local 18"), filed this Complaint on November 8, 2012, pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, claiming breach of an agreement between labor organizations. Local 18 represents the interests of equipment operators, referred to as "operating engineers," working in the State of Ohio. Defendants are the Ohio Laborers'

International, District Council, and nine locals. Local 18 alleges that Defendants breached a February 3, 1954 Memorandum of Understanding, executed by the International Hod Carriers' Building and Common Laborers' Union of America and the International Union of Operating Engineers; and describes, in its Complaint, at least seventeen 2012 projects throughout Ohio, at which laborers allegedly performed work that is designated in the Memorandum as operating engineers' work. In its opening, the Memorandum of Understanding recites:

> The International Union of Operating Engineers and the International Hod Carriers' Building and Common Laborers' Union of America, being desirous of arriving at a clarification regarding disputes that have arisen in the construction industry between the members of both Organizations and cognizant of the fact of the development of machinery and equipment in connection with work in which both Organizations are involved, hereby make the following clarifications ...

The Memorandum then sets out three numbered provisions, clarifying work to be performed by operating engineers and work to be performed by laborers, involving forklifts, drilling operations, and conveyors.

Local 18 claims it is intended to benefit from, and be bound by, the 1954 Agreement, which clarifies division of work between the crafts. Local 18 also alleges that the 1954 Memorandum has not been repudiated and remains in full force and effect. Defendants, International, District Council, and local affiliates, allegedly condoned, assigned, and permitted work to be performed by laborers in disregard of the terms of the Agreement, directly and proximately causing injury to Local 18. Local 18 seeks compensatory damages and punitive damages. The punitive damages claim is based upon the allegation that, "given the nature and purposes of labor organization (sic), one union willfully and purposely

agreeing with employers to perform work of another union in flagrant violation of written agreements between the international unions not to engage in such activity, constitutes extreme and outrageous conduct contravening the remedial purposes of national labor policy." (Complaint - Prayer for Relief, ECF DKT #1).

On August 21, 2015, Defendants filed a Motion for Summary Judgment (ECF DKT #78), arguing that the limitations period was triggered by the Defendants' abandonment of the 1954 exclusivity agreement in October of 1974, more than fifteen years before the instant lawsuit was initiated. Plaintiff filed an Opposition Brief on October 5, 2015; but on November 3, 2015, Plaintiff filed its Fed.R.Civ.P. 56(d) Motion, supported by the Affidavit of Counsel, Timothy R. Fadel. Plaintiff asks the Court to deny Defendants' Motion for Summary Judgment or defer consideration until Plaintiff has been afforded necessary discovery. Specifically, Plaintiff contends it is necessary to depose agents and officials of Defendants and tender additional discovery requests "in order to gain a full understanding of Defendants' actual beliefs and conduct under the 1954 Agreement." (ECF DKT #96 at 2).

## II. LAW AND ANALYSIS

Fed.R.Civ.P. 56(d) permits the Court to defer or deny a motion for summary judgment when the party opposing the motion for summary judgment demonstrates by way of affidavit or declaration the need for discovery in order to properly respond.

> **When Affidavits Are Unavailable.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or

...

(3) issue any other appropriate order.

Courts have held that a party "must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004), (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)). Likewise, it is improper to grant summary judgment if the nonmovant is given an insufficient opportunity for discovery. *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-232 (6th Cir. 1994). The Sixth Circuit applies an abuse of discretion standard to a district court's ruling on a Rule 56(f) [now 56(d)] request for discovery. *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196-97 (6th Cir.1995).

The affidavit or declaration accompanying the motion must "indicate to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000)(citing *Radich v. Goode,* 866 F.2d 1391, 1393–94 (3d Cir.1989)).[1]

Discovery is ongoing in this case. The current fact discovery cut-off is March 31, 2016. Although the Court feels that Plaintiff should have made this request sooner, rather than submitting an opposing brief and then asking for needed discovery, Plaintiff is entitled to

---

[1] The Federal Rules of Civil Procedure were amended on December 1, 2010 which included redesignating former Rule 56(f) as 56(d). The amendments have not altered the applicability of former 56(f) precedent to a present analysis of 56(d).
See *Enyart v. Karnes*, No. 2:09cv 687, 2011 WL 1070870, *1 (S.D.Ohio March 21, 2011).

explore facts to determine the validity of Defendants' claimed abandonment of the 1954 Agreement in 1974. Plaintiff also has the right to probe the credibility of Defendants' agents and officials and to cross-examine them as to their understandings and intentions regarding the Agreement.

### III. CONCLUSION

For these reasons, and in the interest of fairness, the Court grants Plaintiff's Motion (ECF DKT #96) and denies Defendants' Motion (ECF DKT #78) for Summary Judgment, with leave to re-file after the amended pleadings are filed; after the completion of fact discovery directed at parties and, as stipulated, certain third parties; and following the Settlement Conference of April 22, 2016. By virtue of this Order, the Court is making no determination on the merits of Plaintiff's or Defendants' positions.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: February 16, 2016**