UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL UNION OF ) | CASE NO. 1:12CV2797 |
| OPERATING ENGINEERS, LOCAL 18, ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| vs. ) | OPINION AND ORDER |
| ) | |
| LABORERS' INTERNATIONAL ) | |
| UNION OF NORTH AMERICA, et al., ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #182) of Plaintiff, International Union of Operating Engineers Local 18, for Summary Judgment and the Motion (ECF DKT #184) of Defendants, Laborers' International Union of North America ("LIUNA"); Laborers' District Council of Ohio; Local 265, Local 310, Local 860 and Local 894, for Summary Judgment in Connection with Plaintiff's First Amended Complaint. For the following reasons, Defendants' Motion is granted and Plaintiff's Motion is denied.

**I. BACKGROUND**

Plaintiff Local 18 instituted this action on November 8, 2012, pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, claiming breach of an agreement between labor organizations. Local 18 filed a First Amended Complaint (ECF DKT #37) on November 5, 2014. Local 18 represents the interests of equipment operators, referred to as "operating engineers," working in the State of Ohio. The current Defendants are the Ohio Laborers' International, District Council and four Locals.

Local 18 alleges that Defendants breached a February 3, 1954 Memorandum of Understanding, executed by the International Hod Carriers' Building and Common Laborers' Union of America and the International Union of Operating Engineers ("IUOE"); and describes, in its Amended Complaint, at least seventeen 2012 construction projects throughout Ohio, at which laborers allegedly performed work designated in the Memorandum as operating engineers' work. In its opening, the Memorandum of Understanding recites:

> The International Union of Operating Engineers and the International Hod Carriers' Building and Common Laborers' Union of America, being desirous of arriving at a clarification regarding disputes that have arisen in the construction industry between the members of both Organizations and cognizant of the fact of the development of machinery and equipment in connection with work in which both Organizations are involved, hereby make the following clarifications ...

The Memorandum then sets out three numbered provisions, clarifying work to be performed by operating engineers and work to be performed by laborers, involving forklifts, drilling operations and conveyors.

Local 18 claims it is intended to benefit from, and be bound by the 1954 Agreement, which clarifies division of work between the crafts. Thus, Local 18 alleges that it is "an

intended third-party beneficiary of that agreement." (ECF DKT #37, ¶ 51). Local 18 also alleges that the 1954 Memorandum remains in full force and effect. Defendants breached the 1954 Agreement by allegedly condoning, assigning and permitting work to be performed by laborers in disregard of the terms of the Agreement, directly and proximately causing injury to Local 18. In Count Two, Local 18 claims that LIUNA's December 18, 2012 letter formally abrogating the 1954 Agreement constituted an intentional breach of the contract between these labor organizations.

Local 18 seeks compensatory damages and punitive damages. The punitive damages claim is based upon the allegation that, "given the nature and purposes of labor organization (sic), one union willfully and purposely agreeing with employers to perform work of another union in flagrant violation of written agreements between the international unions not to engage in such activity, constitutes extreme and outrageous conduct contravening the remedial purposes of national labor policy." (First Amended Complaint - Prayer for Relief, ECF DKT #37).

Defendants answered and counterclaimed for violation of Section 303 of the LMRA and for abuse of process.

The parties have filed Cross-Motions for Summary Judgment. All briefing has been completed and the issues are properly joined.

## II. LAW AND ANALYSIS

**Standard of Review**

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass'n*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**<u>Third Party Beneficiaries</u>**

Plaintiff Local 18 argues that it is entitled to pursue a breach of contract action against Defendants because Local 18 is an intended third party beneficiary of the 1954 Agreement. The determination of Plaintiff's legal standing as an intended third party beneficiary is a matter of law. *MCI WorldCom Network Services, Inc. v. W.M. Brode Co.*, 411 F.Supp.2d 804, 811 (N.D.Ohio 2006).

"Under Ohio law, a third party beneficiary is: (1) a creditor beneficiary; (2) a donee beneficiary; or (3) an incidental beneficiary." *Visintine & Co. v. N.Y., Chi. & St. Louis RR. Co.*, 169 Ohio St. 505, 507 (1959). "[O]nly intended third party beneficiaries have rights under a contract to which they were not a party." *TRINOVA Corp. v. Pilkington Bros., P.L.C.*, 70 Ohio St.3d 271, 277-78 (1994); *ThorWorks Industries v. E.I. DuPont De Nemours and Co.*, 606 F.Supp.2d 691, 695 (N.D.Ohio 2008). "Incidental beneficiaries are not permitted to assert claims." *TRINOVA*, 70 Ohio St.3d at 277-78; *Sagraves v. Lab One, Inc.*, 316 F.App'x 366, 371 (6th Cir. 2008).

"The parties who entered [sic] the contract must have entered into it directly or primarily for the benefit of the third party for that third party to be able to assert rights under the contract." *ThorWorks*, 606 F.Supp.2d at 695, citing *Randleman v. Fidelity Nat. Title Ins. Co.*, 465 F.Supp.2d 812, 818 (N.D.Ohio 2006). The "clear terms of the contract" must demonstrate that the parties intended to benefit a third party. *See Hill v. Sonitrol of*

*Southwestern Ohio, Inc.*, 36 Ohio St.3d 36, 40 (1988). "While it is not necessary for a third party beneficiary to be identified in the contract, the contract must be made and entered into with the intent to benefit the third party." *Joest Vibratech, Inc. v. North Star Steel Co.*, 109 F.Supp.2d 746, 749 (N.D.Ohio 2000), quoting *Doe v. Adkins*, 110 Ohio App.3d 427, 436 (4th Dist.1996). Under Ohio's "intent to benefit" test:

> [T]here must be evidence, on the part of the promisee, that he intended to directly benefit a third party, and not simply that some incidental benefit was conferred on an unrelated party by the promisee's actions under the contract. There must be evidence that the promisee assumed a duty to the third party. *TRINOVA,* 70 Ohio St.3d at 278.

This inquiry depends upon the language of the contract at issue because Ohio rules of contract formation require courts to look to the plain language of the contract to determine contractual intent. *See Graham v. Drydock Coal Co.*, 76 Ohio St.3d 311, 313 (1996) ("The intent of the parties is presumed to reside in the language they choose to use in their agreement."). *See also, Lin v. Gatehouse Constr. Co.*, 84 Ohio App.3d 96, 100 (8th Dist. 1992) ("Those cases which have construed whether a contract was made for the direct or incidental benefit of a third party have looked necessarily to the language of the contract."). "Where the terms in an existing contract are clear and unambiguous, this court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties." *Penn Traffic Co. v. AIU Ins. Co.*, 2001 WL 1085242, at *10 (Ohio App. 4th Dist. 2001).

In the instant case, not only is Local 18 claiming that it is an intended third party beneficiary entitled to enforce the 1954 Agreement against Defendants, but that Defendant Locals, as third party beneficiaries of the Agreement, are liable to Local 18 for damages. As

if saying it makes it so, Plaintiff asserts in its Reply Brief (ECF DKT #191): "Defendants LIUNA Locals are third party beneficiaries to the 1954 Agreement whether they like it or not." *Id*. at 10. However, the law in this jurisdiction does not support Plaintiff's position on Defendant Locals' contractual liability. "While it is well established that an action for breach of contract can be maintained *by* an intended third party beneficiary, 'there is very little authority addressing the question of whether and/or when third party beneficiaries assume actual liability under a contract.'" *Hodell-Natco Industries, Inc. v. SAP America, Inc*., No. 1:08CV2755, 2010 WL 6765522, *6 (N.D.Ohio Sept.2, 2010) quoting *Resource Title Agency, Inc. v. Morreale Real Estate Servs*., 314 F.Supp.2d 763, 776 (N.D.Ohio 2004). The court in *Resource Title* discussed two relevant Ohio decisions, but found they were "highly fact-specific and do not stand for the general proposition that intended third party beneficiaries *always* assume liabilities under the contract." *Id* at 771. (Emphasis added).

The Court has taken the time to read and re-read the 1954 Memorandum of Understanding and has given fair consideration to the evidence and arguments provided by the parties. Plaintiff maintains that the jurisdictional agreement's terms are clear and unambiguous. The Court finds that *what is not* in the contract is as important as *what is*; finds that the intent to benefit Local 18 does not "reside" in the language the signatory Internationals chose to employ; and further finds as follows:

Only the Internationals are signatories to the 1954 Memorandum of Understanding. Neither Plaintiff Local 18 nor Defendants District Council of Ohio, Local 265, Local 310, Local 860 and Local 894 signed the Agreement. There is no testimony in evidence from the individuals who signed the documents sixty-four years ago nor from anyone with knowledge

of the intent of the signatories. (*See, e.g.*, Deposition (ECF DKT #172 at 79 &106) of Anthony D. Liberatore, Jr., Business Manager and Secretary-Treasurer of Local 860, Vice President of Ohio Laborers' District Council).

The term "locals" is not mentioned. The term "members" is not defined. It is not evident from the contract language that Local 18 was a chartered affiliate of the IUOE in 1954 or that it was in good standing in 1954. Plaintiff points out that any qualified engineer is a "member" pursuant to Article X of the IUOE Constitution; but does that make a "local" or an "affiliate" a "member?" More importantly, Plaintiff has not provided the Court with a copy of the Constitution of either Union which was in effect in 1954. Rather, Plaintiff offers the 2011 version of the Laborers' Constitution and the 2013 version of the Engineers' Constitution.

Nothing in the 1954 Agreement authorizes enforcement by the signatories (let alone by non-signatories) nor sets out any allowable means of enforcement. Local 18's former Business Manager, Patrick Sink, admits on deposition that Local 18 never received any written confirmation from the IUOE that it is a third party beneficiary of the 1954 Agreement or that Local 18 was empowered to bring this breach of contract lawsuit on the International's behalf. (ECF DKT #171-8 at pp. 28-30).

Although Local 18 insists that "the promises contained within that agreement were intended to and did bestow a benefit upon the respective local affiliates" (ECF DKT #182 at p.37); it is just as reasonable to interpret the 1954 Agreement as benefitting the Internationals and unnamed employers. That is, such a jurisdictional compact could prevent undesirable consequences such as work slowdowns, picketing, strikes, lost revenue, lost profit and

reduced productivity and could avoid government intervention.

This Court believes that the guidance provided by the *Resource Title* decision is persuasive. If the governing third party beneficiary jurisprudence rarely, if ever, imposes liability upon a party (such as Defendant Locals) as a non-signatory to a contract, then this Court cannot recognize Plaintiff Local 18's concomitant right to enforce the 1954 Agreement in the role of a third party beneficiary.

To rule in Plaintiff's favor would call for unwarranted assumptions and improper speculation. The Court declines to so rule. Plaintiff Local 18 is not an intended third party beneficiary of the 1954 Memorandum of Understanding. If at all, Plaintiff is merely an incidental beneficiary and as such, cannot enforce the contract against Defendants.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #182) of Plaintiff, International Union of Operating Engineers, Local 18, for Summary Judgment is DENIED and the Motion (ECF DKT #184) of Defendants, Laborers' International Union of North America ("LIUNA"); Laborers' District Council of Ohio; Local 265, Local 310, Local 860 and Local 894, for Summary Judgment in Connection with Plaintiff's First Amended Complaint is GRANTED.

**IT IS SO ORDERED.**

                                      **s/ Christopher A. Boyko**
                                      **CHRISTOPHER A. BOYKO**
                                      **United States District Judge**

**Dated: March 13, 2018**