**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **INTERNATIONAL UNION OF** ) | **CASE NO. 1:12CV2797** |
| **OPERATING ENGINEERS, LOCAL 18** ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **LABORERS' INTERNATIONAL** ) | |
| **UNION OF NORTH AMERICA, et al.,** ) | |
| Defendants. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #183) of Plaintiff, International Union of Operating Engineers Local 18, for Summary Judgment on Defendants' Counterclaim and the Motion (ECF DKT #185) of Defendants, Laborers' International Union of North America, et al., for Partial Summary Judgment on Their Counterclaims. For the following reasons, Defendants' Motion is denied and Plaintiff's Motion is granted in part.

### I. BACKGROUND

Plaintiff Local 18 instituted this action on November 8, 2012, pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, claiming breach of an agreement between labor organizations. Local 18 filed a First Amended

Complaint (ECF DKT #37) on November 5, 2014. Local 18 represents the interests of equipment operators, referred to as "operating engineers," working in the State of Ohio. The current Defendants are the Ohio Laborers' International, District Council and four Locals.

Local 18 alleges that Defendants breached a February 3, 1954 Memorandum of Understanding, executed by the International Hod Carriers' Building and Common Laborers' Union of America and the International Union of Operating Engineers ("IUOE"); and describes, in its Amended Complaint, at least seventeen 2012 construction projects throughout Ohio, at which laborers allegedly performed work designated in the Memorandum as operating engineers' work. In its opening, the Memorandum of Understanding recites:

> The International Union of Operating Engineers and the International Hod Carriers' Building and Common Laborers' Union of America, being desirous of arriving at a clarification regarding disputes that have arisen in the construction industry between the members of both Organizations and cognizant of the fact of the development of machinery and equipment in connection with work in which both Organizations are involved, hereby make the following clarifications ...

The Memorandum then sets out three numbered provisions, clarifying work to be performed by operating engineers and work to be performed by laborers, involving forklifts, drilling operations and conveyors.

Local 18 claims it is intended to benefit from, and be bound by the 1954 Agreement, which clarifies division of work between the crafts. Thus, Local 18 alleges that it is "an intended third-party beneficiary of that agreement." (ECF DKT #37, ¶ 51). Local 18 also alleges that the 1954 Memorandum remains in full force and effect. Defendants breached the 1954 Agreement by allegedly condoning, assigning and permitting work to be performed by laborers in disregard of the terms of the Agreement, directly and proximately causing injury

to Local 18. In Count Two, Local 18 claims that LIUNA's December 18, 2012 letter formally abrogating the 1954 Agreement constituted an intentional breach of the contract between these labor organizations.

Defendants answered and counterclaimed for violation of Section 303 of the LMRA and for Abuse of Process under Ohio law. In Count I, Defendants bring a claim under Section 303, 29 U.S.C.§ 187, alleging that Local 18, by filing and maintaining this lawsuit, is engaging in conduct defined as an unfair labor practice in 29 U.S.C. § 158(b)(4). Further, having failed to accomplish its ends through the grievance process, Local 18 is seeking:

> to coerce the Ohio Laborers through its lawsuit to abandon its work and compel its members to refuse to perform work for mutual contractors, thereby forcing the contractors to assign the work to members of IUOE Local 18, or be forced to recognize Local 18 as the bargaining representative of Laborers' members. (Counterclaim, ¶ 32).

In Count Two, Defendants allege that Local 18 is using this legal proceeding to compel employers to assign work to its members in defiance of NLRB orders and/or to require Laborers to engage in work stoppages when assigned the disputed work. Defendants allege that they are entitled to damages, costs and reasonable attorney's fees as the result of Local 18's wrongful use of process.

In its Opinion and Order of March 13, 2018 (ECF DKT #195), the Court granted the Motion (ECF DKT #184) of Defendants, LIUNA; Laborers' District Council of Ohio; Local 265, Local 310, Local 860 and Local 894, for Summary Judgment in Connection with Plaintiff's First Amended Complaint, finding that Plaintiff Local 18 is not an intended third party beneficiary of the 1954 Memorandum of Understanding and therefore, cannot enforce that Jurisdictional Agreement.

Now, the Court has before it Local 18's Motion for Summary Judgment on Defendants' Counterclaim (ECF DKT #183) and Defendants' Motion (ECF DKT #185) for Partial Summary Judgment as to Liability on Their Counterclaims. The matter has been fully briefed.

## II. LAW AND ANALYSIS

### Standard of Review

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Section 303 Claim**

Section 303 of the LMRA, 29 U.S.C. § 187 provides in pertinent part:

(a) It shall be unlawful, for the purpose of this section only, in an industry or activity affecting commerce, for any labor organization to engage in any activity or conduct defined as an unfair labor practice in section 158(b)(4) of this title.

(b) *Whoever* shall be injured in his business or property by reason or any violation of subsection (a) of this section may sue therefor in any district court of the United States. . .

(Emphasis added).

29 U.S.C. § 158(b)(4)(ii)(D) ("Subsection D") recites in relevant part: "It shall be an unfair labor practice for a labor organization or its agents – *to threaten, coerce, or restrain any person* engaged in commerce or in an industry affecting commerce, where in either case an object thereof is – *forcing or requiring any employer to assign particular work* to

-5-

employees in a particular labor organization or in a particular trade, craft, or class rather than to employees in another labor organization or in another trade, craft, or class. (Emphasis added).

In order to prevail on Count One of their Counterclaim, Defendants must establish two elements. They must show that they have the right to bring a Section 303 cause of action and they must demonstrate that Local 18 committed an unfair labor practice (in this case, Defendants identify the unfair labor practice described in Subsection D above). The Court is constrained to apply the plain language of the LMRA, particularly where it is unambiguous and where the Sixth Circuit has not expanded the Act's interpretation.

Plaintiff contends that Section 303 only authorizes an employer to bring a private action to recover damages caused by a union's unfair labor practice. However, in truth, the language of Section 303 says, "whoever shall be injured;" so, *anyone* who can prove injury to his business or property by reason of an unfair labor practice may sue to recover damages. Defendant Laborers insist that they have incurred business or property loss in the form of legal fees. Moreover, Defendants argue that they will prove that Local 18's unfair labor practices have proximately caused, and will proximately cause, the expenditure of attorney's fees for defending Local 18's Section 301 claim to jobs previously assigned to Defendants' members by the NLRB.

The second element which Defendants must establish is the unfair labor practice committed by Local 18. Defendants recite a litany of administrative proceedings and NLRB rulings revealing that the job assignments Local 18 disputes through the 1954 Memorandum of Understanding belong to the Laborers and that Local 18's defiance of the Board's rulings

constitutes an unlawful labor practice under Subsection D. Defendants further insist that the NLRB findings are entitled to preclusive effect; and thus, bar Local 18's Section 301 breach of contract Complaint.

The Court has already decided that Plaintiff Local 18's First Amended Complaint is without merit. (ECF DKT #195). Therefore, the Court finds it unnecessary to reach the issue preclusion arguments.

That being said, the Court finds that the plain language of the applicable statute unfortunately militates against Defendants' Section 303 Counterclaim. Subsection D specifically calls for conduct *forcing or requiring an employer to assign work*. No employer is a party to this action. As the "master" of its pleading, Local 18 restricted its Complaint to breach of contract between two labor organizations and did not seek any assignment of work. (*See* ECF DKT #183 at 11 & 26).

There is no evidence in the record before the Court that any employers have been or will be coerced to assign work as the result of Plaintiff's lawsuit. Furthermore, there is no evidence demonstrating that the object of Local 18's litigation is to force or require an employer to do anything. Even had the Court ruled otherwise and Local 18 had prevailed on its Section 301 Complaint, this Court's summary judgment order would not have obligated any employer or contractor on the disputed jobs. At most, the order would have entitled Local 18 to recover those damages it could prove against Defendants.

In Count Two of their Counterclaim, Defendants have asserted a claim for Abuse of Process under Ohio law. "Under 28 U.S.C. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has

original jurisdiction." *Brooks v. Rothe,* 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis,* 80 F.App'x. 382, 384-85 (6th Cir. 2003)). Because Plaintiff did not prevail on its Section 301 Breach of Contract Complaint, and because Defendants have failed to establish a federal claim for which relief can be granted under Section 303 of the LMRA, 29 U.S.C. § 187, Defendants' remaining state law Counterclaim for Abuse of Process against Plaintiff is dismissed without prejudice.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #183) of Plaintiff, International Union of Operating Engineers Local 18, for Summary Judgment on Defendants' Counterclaim is granted in part; the Motion (ECF DKT #185) of Defendants, Laborers' International Union of North America, et al., for Partial Summary Judgment on Their Counterclaims is denied; the Court declines to exercise supplemental jurisdiction over the state law Counterclaim for Abuse of Process and Count Two of the Counterclaim is therefore dismissed without prejudice.

**IT IS SO ORDERED.**

          **s/ Christopher A. Boyko**
          **CHRISTOPHER A. BOYKO**
          **United States District Judge**

Dated: March 20, 2018